IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BLAIN BRIGANCE                                                                        PLAINTIFF

v.                       Civil No. 13-2025

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Blain Brigance, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The Plaintiff filed his application for DIB in April 27, 2011, alleging an onset date of October 8, 2010, due to non-insulin dependent diabetes mellitus, status post open reduction and internal fixation of a fracture of the right ankle, pain in left hip, and obesity. Tr. 107-110, 145-146.  His claims were denied both initially and upon reconsideration. Tr. 45-46.  An administrative hearing was then held on December 21, 2011. Tr. 20-43.  Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

A the time of the administrative hearing, Plaintiff was 36 years old and possessed a high school education with some college credit. Tr. 25, 26. He had past relevant work ("PRW") as a sales clerk and a customer service representative/manager. Tr. 25, 132, 137-144.

On January 27, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's non-insulin dependent diabetes mellitus, status post open reduction and internal fixation of a fracture of the right ankle, and obesity did not meet or equal any Appendix 1 listing. Tr. 11-12. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of sedentary work. Tr. 12. Utilizing the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 16.

The Appeals Council denied Plaintiff's request for review on November 28, 2012. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 15, 17.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining

the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's dismissal of Dr. Edward Rhomberg's medical statement. The opinion of a treating physician is accorded special deference and will be granted controlling weight when well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000).

Dr. Rhomberg was Plaintiff's treating physician. The evidence reveals that he had been treating Plaintiff since his injury in October 2010. At that time, Plaintiff sustained a calcaneal tuberosity fracture after falling from farm equipment. Tr. 200. On October 15, 2010, he underwent open reduction and internal fixation of the fracture. Tr. 197-198. However, his injury resulted in significant posttraumatic arthritis involving the hindfoot joints, the transverse tarsal joints, and the subtalar joint. Tr. 191-192. On March 4, 2011, Plaintiff underwent right hindfoot triple arthrodesis and removal of the previous hardware. Tr. 183-188. Over the following months, Plaintiff was followed by Dr. Rhomberg. The last treatment note, dated August 23, 2011, reveals good alignment but continued episodic pain. Tr. 227-228. And, x-rays revealed that the subtalar joint did not appear to be solidly fused.

In February 2011, Dr. Rhomberg completed a medical source statement. Tr. 225-226. He opined that Plaintiff could lift 10 pounds occasionally; less than 10 frequently; stand and walk a total of 2 hours, sit for a total of 8 hours; and never climb, balance, stoop, kneel, crouch, bend. The ALJ dismissed Dr. Rhomberg's statement in favor of the assessment of a non-examining consultative physician, stating that Dr. Rhomberg's assessment of no climbing, balancing, stooping, kneeling, or crouching is not supported by the record. *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990) (holding ALJ must not substitute his opinions for those of the physician). We disagree. Accordingly, remand is necessary to allow the ALJ to reevaluate Plaintiff's RFC.

V.     **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE